Opinion by
Willson, J.
§113. Damages; measure of for breach of contract; rule as to direct and remote. This is a suit brought by the appellee, E. G. Connelly, plaintiff, against the appel *100 lant, the Western Union Telegraph Company, defendant, for damages for the failure on the part of defendant to deliver to plaintiff the following telegraphic message:
“The Western Union Telegraph Company, “Milano, Texas, April 10, 1883.

“To E. G. Connelly, Fifth Ward, Houston:

“If you want a place, come first train. Answer.
“ J. A. Harris.”
The plaintiff, being out of employment, and having had experience as a railroad clerk, had applied to J. A. Harris, station-master of the G., C. & S. F. R’y Co. at Milano, Texas, for employment, and Harris, having a vacant clerkship, of which the salary was $75 per month, to offer him, delivered the above message to the defendant’s agent at Milano, Texas, on April 10, 1883, to be transmitted and delivered to plaintiff at Houston, Texas. The message was promptly transmitted to Houston. On the following day, April 11th, Harris instructed defendant not to deliver the message to plaintiff if it had not already been delivered, and defendant, accordingly, not having delivered it, made no further effort to deliver it to plaintiff. Plaintiff, hearing of the message about April 15th, went to Harris at Milano for the position, but failed to get it, as Harris had already given it to another person, as plaintiff had not come on the first, or second, train after the message was sent to Plouston.
G. C. Felton, defendant’s agent and manager at Houston, testified that the message, on its arrival at Houston, was sent immediately to defendant’s branch office at the T. & N. O. R. R. depot in Fifth ward, as Connelly’s address in the city directory was that depot; that neither he, nor, as far as he knew, any of the employees of defendant, knew Connelly’s address; that when the message aTrived at the branch office, it was found that Connelly was no longer staying at that depot.
Geo. Gerkin testified that an employee of the railroad told a boy carrying a telegraphic message from Harris to Connelly, about April 10th, where Connelly lived.
*101 Plaintiff testified that he lived about one hundred and twenty-five or one hundred and fifty yards from the depot, and that defendant had delivered a message to him there before.
Plaintiff’s amended petition, on which he recovered judgment, was filed July 20, 1883, and alleged that he had been unable to obtain employment since April 10, ■1883, and that he had lost the wages that he would have made if the message had been promptly delivered to him by defendant, to wit: $75 per month for six months, aggregating the sum of $450, and prayed for damages in said sum and costs of suit.
The defendant answered, specially excepting and demurring to plaintiff’s petition and amended petition, that the damages sought to be recovered were too remote, contingent and uncertain, and by general denial; and specially pleading that plaintiff was incompetent to fill the position offered him by Harris, and could not have held it if he had obtained it; and that defendant had not delivered the message after April 11, 1883, by reason of the instruction received on said day from Harris as above stated.
On the 26th day of July, 1883, the case was tried by the court without a jury, and defendant’s exceptions were overruled, and plaintiff recovered judgment against defendant for $75, wages for one month; and costs of suit. Defendant gave notice of appeal in open court, and the appeal was duly perfected.
Entertaining the view which we do of this case, we do not consider it essential that we should discuss and determine but a single proposition, which is presented by the fourth and fifth assignments of error, which are as follows:
Fourth assignment of error. “The judgment is contrary to the law and the evidence, in this: that the damages were too remote, contingent and uncertain for plaintiff to recover.”
*102 Fifth assignment of error. “ The court erred in overruling defendant’s demurrers to the plaintiff’s petition and amended petition, wherein defendant demurred on the ground that the damages sought to be recovered by plaintiff were too remote, contingent and uncertain.”
This suit is to recover damages resulting from an alleged breach of contract, unaccompanied by fraud, wilful wrong or gross negligence. In such a case the general rule as to the proper measure of damage is, that the remuneration to the plaintiff is restricted to the amount of injury resulting naturally and proximately as immediate consequences of the breach complained of. [W. & W. Con. Rep. §§ 193, 195, 848, 1034, 1125, 1134, 1152.] Damages such as do not directly and naturally result from the breach of contract, and are not reasonably supposed to have existed in the contemplation of the parties to the contract, are remote and consequential, and cannot be recovered. [W. & W. Con. Rep. § 1001.]
In the case of The Western Union Telegraph Co. v. Weiting [W. & W. Con. Rep. § 801], decided by this court, Presiding Judge White, in delivering the opinion, discusses elaborately the question as to the correct measure of damages in actions against telegraph companies, such as the case now before us, and after reviewing the leading case of Hadley v. Baxendale, 9 Excheq. R. 341, and other authorities, adopts as the true rule the one laid down by Scott & Jarnigan in their work on the Law of Telegraphs (secs. 406, 407, 408, and notes), and supported by Mr. Redfield in his work on Railroads. [2 Red. on Railroads, 3d ed. pp. 249, 250.] That rule is substantially: That, if the telegraph company fail to perform its contract by transmitting and delivering correctly and promptly a dispatch intrusted to it, and so disappoints, misleads or deceives the party addressed that damages are suffered, such damages will be measured by the extent of loss and injury naturally resulting from the error or failure to deliver the dispatch. The company must make good the loss resulting directly from any default on *103 its part. This rule is said to include gains prevented, as well as losses sustained, provided such gains are certain, and such as might naturally he expected to follow the breach. But uncertain and contingent profits, not being the immediate and necessary result of the breach of the contract, are not such as may be fairly supposed to have entered into the contemplation of the parties when they made the contract, and are to be excluded in estimating the damages.
Now let us apply this rule to the damages claimed and awarded in this case, and ascertain if they come within the spirit and fair interpretation of the same. It is to be noted that the telegram sent by Harris to appellee is of an indefinite character, and upon its face does not indicate that it was about a matter of any great importance. It does not contain any proposition which, if accepted by appellee, would amount to a contract binding upon Harris. If appellee had answered the telegram that he wanted a place, and would go to Milano on the first train, and he had gone on the first train, Harris would not have been under any legal obligation to give him a place. Suppose appellee had received the telegram and had gone to Milano on the first train, and Harris had declined to give him the place, or had declined to employ him at $75 per month, could appellee have maintained an action against Harris to compel him to enter into such contract, or to recover damages for his refusal to do so ? Clearly not. Harris had not proposed in the telegram to give appellee any particular place, for any definite time, at any specified price. There was nothing certain about the transaction; the whole matter was in fieri and contingent, depending upon whether or not, upon the meeting of the parties, they could and did agree upon the terms of a contract. That they did not meet in time to' make the contract was doubtless owing to the failure of appellant to deliver the telegram sent by Harris promptly. That the contract would have been entered into had the parties met in time, and that by said con *104 tract appellee would have secured employment for the' period of one month or more at $75 per month, is altogether problematical and uncertain. How, then, can it be-contended that he is entitled to recover of appellant an alleged loss of gain, which gain might never have been realized, even if the telegram had been promptly delivered to him? In our judgment such speculative damages are entirely too uncertain, conjectural, contingent and remote to be considered.
A very similar case in principle to this one was the' case of Kinghorn v. The Montreal Telegraph Company, decided by the Court of Queen’s Bench, Upper Canada, and reported in Allen’s Telegraph Cases, page 98. In that case the telegram sent was, “Will give you eighty cents for rye;” the answer was, “Do accept your offer,• ship to-morrow fifteen or twenty hundred.” The action was for negligence in not transmitting the latter message. It was held that no damages for the loss of a sale o£ rye could be recovered, because, even if the telegram had been duly transmitted and delivered, there would have been no complete contract binding the purchaser to take any particular quantity of rye; and that parol evidence to show the purchaser would have taken a certain quantity was immaterial. ' The doctrine of this case we believe to be sound, and well supported by both reason and authority. [See, also, Baldwin v. U. S. Telegraph Company, Allen’s Telegraph Cases, p. 613, also reported in 54 Barb. (N. Y.) 505, and Abbott’s Prac. Rep. (N. S.) 405.] We think .the principle decided in that case is the same which is involved in this case, and we therefore hold that the damages sought to be recovered in this action are not such as can be allowed. We are of the opinion that the only damages which appellee is entitled to recover in this action are the reasonable value of the time lost by him in going to and returning from Milano, and the reasonable expenses of that trip. This, we think, would be the proper measure of damages far this case.
*105 March 5, 1884.
We think both the fourth and fifth assignments of error -well taken,, and because the trial court erred in holding the contrary, the judgment is reversed and the cause remanded.
Reversed and remanded.